Plaintiff's Name **Kefvon Camp**
Prisoner No. **BC7449**
Institutional Address **P.O. Box 3476**
**4A1L-43 Corcoran CA 93212**

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**KEFVON JEROME CAMP**
(Enter your full name)
v.

**JOHN DOE**
**JANE DOE**
**A. ANDRADE-VERNI**
**M. GARCIA**

(Enter the full name(s) of all defendants in this action)

Case No._____
(Provided by the clerk upon filing)

**COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

### I. Exhaustion of Administrative Remedies.
*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement **CSP-Corcoran**

B. Is there a grievance procedure in this institution?  ☑ YES   ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☑ YES   ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

1. Informal appeal: **Claim 1 & 2 Log #551292 January-21-24**
**Claim #3 Log #550282 April-15-24**

2. First formal level: **Claim 1 & 2 Log #551292 February-2-24**
**Exhausted all remedies for Claim #2. Claim #3 Log #550282 April-16-24**

*Prisoner Complaint (rev. 12/2020)*                                      Page 1 of 3

3. Second formal level: Claim #3 Log#550282 May.1.24 Exhaust all remedies. Claim #1 Log#551292 June.5.24

4. Third formal level: Claim 1&2 Log#551292 July.31.24 Exhaust all remedies. Claim #3 Log#550282 Exhaust all remedies.

E. Is the last level to which you appealed the highest level of appeal available to you?
☑ YES   ☐ NO

F. If you did not present your claim for review through the grievance procedure, explain why.
_____
_____
_____

## II. Parties.

A. If there are additional plaintiffs besides you, write their name(s) and present address(es).
_____
_____
_____

B. For each defendant, provide full name, official position and place of employment.
John Doe, Correctional officer, S.V.S.P.
Jane Doe, Correctional officer, S.V.S.P.
A. Andrade-Varni, Correctional officer, S.V.S.P.
M. Garcia, Correctional officer, S.V.S.P.
_____

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

Please see attachments Claims #1-3, Claim #1, two pages Claim #2, three pages & Claim #3, Two pages. 7 pages in total.

Please see attachments Claim's 1-3.

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Claim #1 Requesting 2.5 million U.S. Dollar's.
Claim #2 Requesting 55 million U.S. Dollar's.
Claim #3 Requesting Defendant #1 to pay 1 million U.S. Dollar's.
Claim #3 Requesting Defendant #2 to pay 250 Thousand U.S. Dollar's.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: __8/24/25__
                      Date

Signature of Plaintiff

Claim. Pg. 1 of 2

8th Amendment Violation
Claim (1): Deliberate Indifference To Safety

1. The actions and omissions of John and Jane Doe in acting with
2. deliberate indifference against the plaintif's safty and creating, or creating
3. unsafe serious risk of harm to the plaintif. Inviting and committing an
4. assault on the plaintif, Putting the plaintif in imment danger. Defendants
5. informed the plaintif's cell mate an active "Blood" gang member.
6. Knowing the substantial risk of harm that the plaintif would
7. suffer by the defendants informing the inmates of inflamatory
8. statements, telling the plaintif cell mate that the plaintif was S.N.Y.
9. Once a snitch who debriefed, defendants knew that S.N.Y. Inmates
10. can not be housed with general population inmates do to S.N.Y.
11. inmates debreifing process. That would inevitably put the plaintif in
12. danger and put others in danger by defendants involving themselves in
13. prison politics. That further led to other events, do to these
14. inflamatory statements of the defendants! The actions of the defendants
15. constituted deliberate indifference and would violated the plaintif's
16. 8th Amendment rights, to be free from cruel and unusual punishment. The
17. fatality adverse action against the plaintif put the plaintif in imment danger
18. and threates the plaintif's personal safty! While on temporary single cell status
19. for "Protection" reasons! A inmate was moved into the plaintif cell, informing
20. the plaintif that the defendants offered him a "cellphone" to stab the plaintif!
21. After agreeing the inmate then signed a bedmove chrono with a note stating
22. that the plaintif was trying to go S.N.Y., the inmate then retrieved a metal
23. weapon from the defendants threw the chase where in the wall to use on the
24. plaintif. The inmate then flush the note down the toilet. Once the inmate was placed
25. in the plaintif cell, the inmate knew the plaintif, so the inmate then told the
26. plaintif all that transpired with the defendants and the plaintif the attempt on the
27. plaintif's life! Becoming premeditated, willful and deliberate murder for hire!
28. Defendants are liable for

State of Claim pg. 2 of 2

1. there activity permitted and encouraged the events. Acting defendants
2. actions constituted deliberate indifference. Courts have held that prison
3. staff's discloseing information or making accusations about a prisoner
4. that might lead other's to attack him can be deliberate indifference
5. see Hearns V. Terhune 413 F.3d 1036, 1041-1042 (9th cir 2005) the
6. defendants are liable of the risk because there is evidence to support that
7. they knew and were part of making the plaintif a target, putting plaintif
8. in a known risk of serious harm to self personal safty. Prison officals
9. may be held liable if they fail to act on a specific warning of danger
10. to a particular prisoner. Berg V. Kinchelog, 794 F.2d 457, 460-461
11. (9th Cir. 1986); but here the defendants participated and orcrastrated
12. know, the Supreme Cort has held that the falure to give advance
13. notice is not disposititive, there is other evidence that prison officals
14. knew of the risk. See Rarmel V. Bregnan, 511 U.S. 825, 848 117
15. S. ct. 1970 (1994) the constitution requires prison and Jail officals
16. to provide reasonable safty for prisoners. See Farmer V. Brennen, 511
17. U.S. F25, 844, 1145 ct. 970 (1994), Hellini V. MeKinney, 509
18. U.S. 25, 33, 113 S. ct. 2475 (1993) They must protect them from
19. assault by other inmate's. See Farmer V. Brennen, 511 U.S. 825, 833,
20. 1175 ct 1970 (1994.

1st Amendment violation

Claim (2) Retaliation

1. The actions and omissions of the defendants retaliatory
2. actions against the plaintif for and right after the plaintif excersized
3. protective conduct and 1st Amendment Constitutional right, when plaintif
4. voice verball complaints, written complaints, notices and advocating against
5. the defendants and others regarding unsafe conditions of Confinement
6. and due process violations and other staff misconduct. Defendants took
7. retalitory adverse actions against the plaintif protective activities. When
8. the defendants intentionally double cell cleared the plaintif, while the plaintif
9. was on tempary single cell status for "Protection" reasons. The defendants
10. then proceded to falsifie a Bed Assignment Sheet Chrono, alegeing the
11. plaintif to have been on multiple S.N.Y. Yards. Defendants knew and are
12. trained constantly to know that by stating that the plaintif is S.N.Y. will
13. get the plaintif attacked or killed! The chronolgies of events that unfolded
14. where all connected. Where as after committee an inmate was placed in the
15. plaintif cell. The inmate admitted that the defendants wanted him to
16. attack the plaintif! Having inflamatory statements made by the
17. defendants to an genrval population inmate about the plaintif allegedly
18. being S.N.Y. would get the plaintif attacked or killed! The actions of
19. the defendants where motivated by the plaintif's protective conduct.
20. Defendants retalitory adverse actions against the plaintif infringed and
21. offended the plaintif 1st Amendment and the actions of the defendants
22. threaten the plaintif's personal safety and put the plaintif in imment
23. danger. And the defendants intentionally involved him or herself in
24. telling the "Bloods" inflamatory statements and inviting assault towards
25. the plaintif by the "Bloods" and others. Defendants planned and orcenstrated
26. an assault or murder against the plaintif! Because the plaintif
27. was excersssing his protective conduct in voicing
28. verbal, written complaints, and advocating for inmates

Statement of Claim Pg. 2 of 3

rights. The retalitory adverse actions were motivated by plaintiffs protective conduct, the actions of the defendants offended and infringed on the plaintif's 1st Addmendment right under U.S. Constitution and shocked the plaintif's consciousness or danger formitt's. The plaintif states a retaliation claim against defendants, the plaintif has alleged (1) A specific constitutional right. (Protective Activity) (2) The defendants intent to retaliate against a prisoner for his or her excersize of that right. (3) Retalitory adverse action and (4) Causation. Austin V. Tellune, 367 F.3d 1167, 1171 (9th Cir. 2004) Plaintif has stated elements (1) that the speech or conduct at issue was protected; plaintif voicing, reporting, fileing complaints regarding constitutional violations mentioned. See Crawford-el V. Britton, 523 U.S. 577, 588 r. 10, 118 S.ct 1584 (1998) the reason why such retalitory offends the constitution is that it threatens to inhabit, excursize of the protective right. Grivences filed through an offical Grivence procedure are Constitutionally protected the complants addressed directly to prison officals and other activities that don't threaten severity. (2) The defendants took adverse action against the plaintif by informing inmate's plaintif was allegedly S.N.Y. once "ratted or snitched on other inmates. Defendants knew that inmate's who's S.N.Y. Protective custody can't be housed on the General population yard or they will be attacked. Plaintif cellmate stated defendants plans to have plaintif assaulted. Other's expressed because of plaintif's protective activities. (3) That there where causual connections between protected conduct and adverse action. Defendants took adverse actions right after plaintif protected activities, defendants who are connected to the incident who made plaintif S.N.Y. made inflamatory statements regarding plaintif's constitutional protected activities. Do to

Statement of claim pg. 3 of 3

1. the defendants false allegation of the plaintif being S.N.Y. the
2. plaintif houseing will be forever affected. The plaintif personal safety
3. will be at risk on any general population Yard. The actions of the
4. defendants placing an inmate in the plaintif's cell, offering the inmate
5. a "cell phone" to assault or murder the plaintif shows that no matter
6. where the plaintif is housed the defendants will always have the means
7. to get the plaintif assaulted or murderd. Do to these actions of the
8. defendants the plaintif will now have to serve the rest of his prison
9. term wandering who the defendants will offer to pay next? Or what
10. other false Chrono's the defendants will create and pass on to other inmates
11. in an attempt to get the plaintif assaulted or murderd. The actions of the defendants
12. placing the inmate in plaintif cell alone has that inmate unwilling to give a
13. statement do to the inmate still being on a general population Yard at Salinas
14. Valley state prison, for fear of retaliation or being labled a "snitch". By the
15. defendants. If You are in danger You need not wait until an assault or
16. other harm occurs to obtain legal relief. See Helling V. McKinney (1993) 509.
17. U.S. 25, 33[ 113 S.Ct. 2475, 2481: 125; Clem V. Lomeli [ 9th cir. 2009 page 107-108]
18. : Prison officals may be liable if they act or fail to act in a way that subjects an
19. incarserated person to an unreasonable risk of harm: Ramos V. Lamm.
20.    The defendants took retalitory adverse action against the plaintif
21. constitutional protected conduct by subjecting the plaintif to un-
22. favorable classification, false committee chrono's, making plaintif
23. allegdly S.N.Y. Knowing that inmate's can't allow S.N.Y. inmates
24. on general population Yards. Defendants retelitory actions where
25. motivated by the plaintif's protective activities!
26.
27.
28.

## 8th Amendment Violation
## Claim (3): Excessive Use Of Force / Deliberate Indifference To Safety.

1. The actions of the defendants maliciously and sadistically attacked
2. the plaintif with the intention to cause unnecessary serious harm to the plaintif.
3. Because of an incident involving the plaintif and other correctional officers the
4. defendants actions violated the Reasonable Relationship Standard by beating
5. the plaintif after the plaintif was already subdued by defendants and no longer
6. a threat, being hit while also unconscious and secured. The defendants actions
7. constituted deliberate indifference to the plaintif safety, because they knew
8. that such unnecessary and unwanted infliction of pain, excessive use
9. of force would cause severe physical injury, pain and suffering against
10. the plaintif. Has violated the plaintif's 8th Amendment rights. The defendants
11. departure from policy was beyond correctional goals to intentionally
12. cause serious harm to the plaintif. In causing unnecessary, unwanted
13. infliction of pain and physical injury against the plaintif by unnecessary
14. excessive use of force, going beyond reasonable force that was
15. required to subdue the plaintif and the plaintif was layed Defendant
16. #1: A. Andrade-verni. Once all officer's gain control of the plaintif
17. and the plaintif was layed out on his side with his left hand still cuffed
18. to his waste chain and his right hand pinned between the plaintif and the
19. ground, no longer presenting a threat the defendants in his own word's
20. stated "With his hand's raised above his head in a power strike motion"
21. began to beat the plaintif with his state issued baton. Striking the plaintif
22. multiple times to the crown of the head. Knocking the plaintif unconscious.
23. Resulting in the plaintif being transported to the hospital receiving six staples
24. to the crown of plaintif's head. The willful and deliberate attack on
25. the plaintif has left the plaintif with non-stop migraines, loss of hearing
26. in the plaintif's left ear, constant back pain, mobility loss and blured vision.
27. All do to the unnecessary, unwanted infliction of pain from defendant.
28.     Defendant #2: M. Garcia while the plaintif was unconscious

State of Claim pg. 2 of 2

1. began to choke the plaintif with his left hand sudistickly
2. wrapped around the plaintif's neck, Willfull and deliberatly
3. attempting to kill the plaintif! Once plaintif gain consciousness
4. the plaintif could hear Sgt. Perez ordering the defendant to
5. remove his left hand from around the plaintif's neck. Bringing the
6. willfully, sudistick, deliberate and malice attack to an end!