UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEFVON JEROME CAMP,<br>        Plaintiff,<br>    v.<br>JOHN DOE, et al.,<br>        Defendants. | Case No. 25-cv-07868-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**1. Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is

1    plausible on its face." *Id*. at 570. The Supreme Court has explained the standard this way: "While
2    legal conclusions can provide the framework of a complaint, they must be supported by factual
3    allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their
4    veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*
5    *v. Iqbal*, 556 U.S. 662, 679 (2009).

6    To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
7    (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
8    the alleged deprivation was committed by a person acting under the color of state law. *West v.*
9    *Atkins*, 487 U.S. 42, 48 (1988).

**2. Legal Claims**

Plaintiff alleges that prison officials failed to protect him in retaliation for his protected conduct and later used excessive force against him.

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id*. at 833; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

Allegations in a *pro se* complaint sufficient to raise an inference that the named prison officials knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it state a failure-to-protect claim. *See Hearns*, 413 F.3d at 1041-42 (citing *Farmer*, 511 U.S. at 847). A prisoner need not wait until he is assaulted or harmed to state a claim and obtain relief. *See Farmer*, 511 U.S. at 845; *see also Gonzalez v. CDCR*, 739 F.3d 1226, 1235 (9th Cir. 2014) (finding standing to bring 8th Amendment challenge

to prison's gang debriefing process, even though prisoner had not yet debriefed, where he alleged risk of retaliation from other gang members).

When prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992). In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. *Id*. at 7.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

Plaintiff alleges that two correctional officers, who he only identifies as John and Jane Doe, intentionally placed him in danger and failed to protect him. He contends that these Defendants informed his cellmate, who was a gang member, that Plaintiff was a former gang member who debriefed as a gang member and provided information to prison officials. Later, another inmate told Plaintiff that Defendants had offered him a cellphone if he stabbed Plaintiff

3

and provided him with a metal weapon. The other inmate knew Plaintiff and told him what happened and did not assault him. Plaintiff also states that these Defendants took these actions in retaliation for Plaintiff's protected conduct of written and verbal complaints. At some other time, Plaintiff was the victim of excessive force from Defendants Andrade-Verni and Garcia. He contends that he was choked, hit with a baton multiple times including on his head, while unconscious and hand cuffed.

While Plaintiff presents the basic elements of each claim, the complaint is dismissed with leave to amend to provide more information. With respect to the claim of retaliation, Plaintiff must describe the specific instances of protected conduct he was engaging in, namely submitting written complaint, when he engaged in this protected conduct and when the Defendants retaliated against him by placing him in danger. He must present allegations demonstrating that the retaliation was because of his protected conduct. Conclusory allegations with no support are insufficient. With respect to the excessive force claim, Plaintiff must state when it occurred and if it is related to the claims against the unknown Defendants or if it was a separate incident.

Regarding the failure to protect claim, his troubling allegations state a viable claim. However, he does not identify any individual Defendant. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986).

Plaintiff is informed that state prisoners may review all non-confidential material in their medical and central files, pursuant to *In re Olson*, 37 Cal. App. 3d 783 (Cal. Ct. App. 1974); 15 California Code of Regulations § 3370; and the CDCR's Department Operations Manual §§ 13030.4, 13030.16, 13030.16.1-13030.16.3, 13030.21, and 71010.11.1. Requests to review these files or for copies of materials in them must be made directly to prison officials, not to the Court.

1    Plaintiff states that he exhausted administrative remedies for this claim against the Doe
2    Defendants, so it is possible that the names of these individuals are in Plaintiff's inmate appeal
3    paperwork or other paperwork if Plaintiff was disciplined for any of these events. Plaintiff may
4    should attempt to obtain these documents and attach them to his amended complaint. He should
5    also state the dates of these incidents and provide specific facts about the two individuals
6    (including any physical characteristics and their occupation, if possible), which may aid in
7    identifying them. Plaintiff will be provided extra time to file an amended complaint to discover the
8    identities of the Defendants.

## CONCLUSION

1.   The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **forty-two (42) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2.   It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 20, 2025

ROBERT M. ILLMAN
United States Magistrate Judge